Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT ARMSTRONG, <u>et</u> <u>al.</u>,          )
                                    )
               Plaintiffs,          )
                                    )
        v.                          )     C.A. No. 89-0142 (JCR)
                                    )
GEORGE M. BUSH, <u>et</u> <u>al.</u>,          )
                                    )
               Defendants.          )

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, plaintiffs hereby move for leave to file a Second Amended Complaint in this action.   The current complaint, plaintiffs' Amended Complaint filed with the permission of this Court on March 14, 1989, has not yet been answered by defendants and the January 25, 1991 decision of the District of Columbia Court of Appeals in this case on interlocutory appeal makes it appropriate to amend the complaint before proceeding with this action on remand.

Defendants have reviewed the Second Amended Complaint and have authorized plaintiffs to represent that they do not oppose this motion.  The Second Amended Complaint, plaintiffs' points and

authorities in support of this motion, and a proposed order are attached.

Respectfully submitted,

Michael E. Tankersley
(D.C. Bar No. 411978)
Patti A. Goldman
(D.C. Bar No. 398565)
Alan B. Morrison
(D.C. Bar No. 073114)

Public Citizen Litigation Group
Suite 700
2000 P Street, N.W.
Washington, D.C.  20036
(202) 833-3000

Kate Martin
(D.C. Bar No. 949115)
American Civil Liberties
  Union Foundation
122 Maryland Ave., N.E.
Washington, D.C.  20002
(202) 544-5388

April 22, 1991                    Attorneys for Plaintiffs

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT ARMSTRONG, et al.,          )
                                  )
              Plaintiffs,         )
                                  )
         v.                       )      C.A. No. 89-0142 (JCR)
                                  )
GEORGE M. BUSH, et al.,           )
                                  )
              Defendants.         )

MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rules 15(a) and 21 of the Federal Rules of
Civil Procedure, plaintiffs have moved for leave to file an Amended
Complaint in this action.

Defendants have never answered the original complaint or
the Amended Complaint in this action, which was filed with the
permission of this Court on March 14, 1989. After this Court
denied defendants' motion to dismiss the complaint, defendants took
an interlocutory appeal which resulted in the Court of Appeals
rejecting some of plaintiffs' claims, accepting others, and
remanding the case for further proceedings consistent with its
opinion. Armstrong v. Bush, 924 F.2d 282 (D.C. Cir. 1991).
Plaintiffs now seek to file an amended complaint which reflects the
consequences of the court of appeals' decision.

Accordingly, plaintiffs' Second Amended Complaint, in
response to the court of appeals' conclusion that judicial review
of compliance with the Presidential Records Act is not available,
omits plaintiffs' claims for relief under that Act. The amended
complaint also no longer names President Bush as a defendant. The

named defendants in the Second Amended Complaint are the agencies responsible for managing and issuing guidelines on the preservation of the records at issue: the Executive Office of the President, ("EOP"), the Office of Administration within the EOP, the National Security Council, and the agency which creates and maintains custody of the backup tapes for the NSC's Professional Office System or "PROFS" system, the White House Communications Agency. In response to the court of appeals' decision, the Second Amended Complaint also focuses plaintiffs' claims on the guidelines and directives of these agencies.[1]   Finally, the amended complaint adds specific allegations that the Archivist has violated the Federal Records Act by failing to request that the Attorney General initiate an action to prevent agency personnel from destroying records in contravention of the applicable guidelines.   Second Amended Complaint, ¶¶ 40-44.   This amendment is explicitly suggested by the court of appeals' decision. Armstrong v. Bush, supra at n. 10.

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." See also Foman

---

[1]   The Second Amended Complaint also adds a count challenging defendants' argument in the alternative that if this Court rejects their claim that materials created on the PROFS system are not "agency records" under the Federal Records Acts, the routine destruction of these records is nevertheless authorized by General Records Schedules 20 and 23.   See Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss or Alternatively for Summary Judgment, at 12, n.12 (filed March 3, 1989).   Plaintiffs dispute this interpretation of these schedules. Moreover, plaintiffs maintain that if these schedules are interpreted to apply to the PROFS records, they violate the Federal Records Acts.   See Second Amended Complaint at ¶¶ 35-39.

2

v. Davis, 371 U.S. 178 (1962). Amendment of the March 14, 1989 complaint is particularly appropriate here because the court of appeals' decision on defendants' interlocutory appeal requires changes in the claims before this court on remand and contemplated that the complaint would be amended. Armstrong v. Bush, supra at n. 10. (referring to amendment of allegations against the Archivist). Defendants have reviewed the Second Amended Complaint and have authorized plaintiffs to represent that they do not oppose this motion.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for leave to file an amended complaint should be granted.

Respectfully submitted,

Michael E. Tankersley
(D.C. Bar No. 411978)
Patti A. Goldman
(D.C. Bar No. 398565)
Alan B. Morrison
(D.C. Bar No. 073114)

Public Citizen Litigation Group
Suite 700
2000 P Street, N.W.
Washington, D.C.  20036
(202) 833-3000

Kate Martin
(D.C. Bar No. 949115)
American Civil Liberties
   Union Foundation
122 Maryland Ave., N.E.
Washington, D.C.  20002
(202) 544-5388

April 22, 1991                    Attorneys for Plaintiffs

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT ARMSTRONG, et al.,          )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )        C.A. No. 89-0142 (JCR)
                                  )
GEORGE M. BUSH, et al.,           )
                                  )
                Defendants.       )

**ORDER**

Upon consideration of plaintiffs' unopposed motion to file an amended complaint it is hereby

ORDERED that plaintiffs' motion is granted; and it is further

ORDERED that the clerk shall file the Second Amended Complaint attached to plaintiffs' motion.


Dated:
                        _____
                        Charles R. Richey
                        U.S. District Court Judge


Copies to: Alan B. Morrison          Kate Martin
           Michael E. Tankersley     American Civil Liberties
           Public Citizen Litigation Union Foundation
           Group, Suite 700          122 Maryland Ave., N.E.
           2000 P Street, N.W.       Washington, D.C.  20002
           Washington, D.C.  20036

           Mona B. Alderson
           Federal Programs Branch
           Civil Division
           Department of Justice
           10th & Constitution Avenue, N.W.
           Suite 3334
           Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 1991 I served a copy of the foregoing Motion to Amend Complaint counsel for the defendants by causing a copy to be sent by first class mail, postage prepaid, addressed to:

Mona B. Alderson
Federal Programs Branch
Civil Division
Department of Justice
10th & Constitution Avenue, N.W.
Suite 3334
Washington, D.C. 20530

Michael E. Tankersley

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT ARMSTRONG,                        )
                                        )
NATIONAL SECURITY ARCHIVE,              )
                                        )
AMERICAN HISTORICAL ASSOCIATION,        )
                                        )
AMERICAN LIBRARY ASSOCIATION,           )
                                        )
CENTER FOR NATIONAL SECURITY STUDIES,   )
                                        )
EDDIE BECKER,                           )
                                        )
         and                            )
                                        )
GARY M. STERN,                          )
                                        )
         Plaintiffs,                    )
                                        )
         v.                             )        C.A. No. 89-0142 JCR
                                        )
EXECUTIVE OFFICE OF THE PRESIDENT,      )
                                        )
OFFICE OF ADMINISTRATION,               )
                                        )
THE NATIONAL SECURITY COUNCIL,          )
                                        )
WHITE HOUSE COMMUNICATIONS AGENCY,      )
                                        )
         and                            )
                                        )
DON WILSON,                             )
ARCHIVIST OF THE UNITED STATES,         )
                                        )
         Defendants.                    )

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

        1.    This is an action under the Freedom of Information
Act, 5 U.S.C. §§ 552 et seq.; Federal Records Act of 1950, 44
U.S.C. §§ 2901 et seq. and §§ 3101 et seq.; the 1943 Disposal of
Records Act, 44 U.S.C. §§ 3301 et seq.; the National Archives and
Records Administration Act, 44 U.S.C. §§ 2101 et seq.; and the
Administrative Procedure Act, 5 U.S.C. §§ 551 et seq., challenging

1

defendants' guidelines, practices, and procedures which permit destruction of certain computer information generated by the Executive Office of the President and the National Security Council in what is commonly called the "Professional Office System," or "PROFS," by refusing to treat this information as "records" subject to the statutes cited herein. Plaintiffs seek access under the Freedom of Information Act to "agency records" recorded by the PROFS system and seek an injunction to prohibit defendants from destroying such agency records unless and until they comply with the legal requirements governing preservation and maintenance of these records.

Jurisdiction

2.    This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C § 552(a)(4)(B), and 28 U.S.C. § 1331.

Parties

3.    Plaintiff Scott Armstrong is a journalist, author, foreign policy researcher, and founder of the National Security Archive. He has made extensive use of information that he has obtained under the Freedom of Information Act ("FOIA"), as well as of information that has been made publicly available at the National Archives and Records Administration. He intends to continue to use such resources in the future in furtherance of his research and writing.

4.    Plaintiff National Security Archive is a non-profit public interest research institute and library. It is organized

2

and operated as a division of The Fund for Peace, Inc., a New York non-profit corporation.   It collects, catalogues, indexes, and publishes declassified and unclassified government documentation on national security policy, practices, and activities, and it makes such documentation available to historians, researchers, and individuals throughout the country.   Employees of the National Security Archive make extensive use of the FOIA as well as the National Archives and Records Administration to obtain access to government information.   The National Security Archive intends to continue to utilize those sources of information in the future in furtherance of its research, writing, and dissemination objectives.

5.   Plaintiff American Historical Association is the oldest and largest association of historians in this country. It was founded in 1884 and incorporated by the Congress in 1889 for the promotion of historical studies, the collection and preservation of historical manuscripts, and the dissemination of historical research.   It is a non-profit association, with a membership of approximately 15,000 historians.   The American Historical Association brings this action on behalf of itself, as well as on behalf of its members, many of whom have relied on information that has been obtained under the FOIA, or that has been made publicly available by the National Archives and Records Administration, to conduct historical research and writing.   The Association and its members have a strong interest in ensuring that government information of historical value that is generated by the agencies and offices operating within the Executive Office of the

President, including the National Security Council, is preserved for future historians.

6. Plaintiff American Library Association is the world's oldest and largest library association. It is a non-profit association with more than 47,000 members, including libraries, archives, librarians, library trustees, and library users. It brings this action on behalf of itself and its individual members who have an interest in ensuring that the PROFS information at issue is preserved at the National Archives so that it can be made available to libraries, librarians, and the public in the future.

7. Plaintiff Center for National Security Studies (the "Center") is a nonprofit public interest scholarly research institute. It is organized and operated as a division of the American Civil Liberties Union Foundation and of The Fund for Peace, Inc. The Center makes extensive use of the FOIA and the National Archives and Records Administration to obtain access to government documents concerning national security issues for its own research purposes and to make such documents available to scholars, journalists, and other interested persons as part of its program of public education.

8. Plaintiff Eddie Becker is a professional researcher specializing in documentary reconstruction of historical events, with a particular expertise in using computerized information. He is employed by documentary filmmakers, scholars, and journalists. He has used the FOIA to obtain information about the activities of the National Security Council and the Executive Office of the

4

President, and he has made extensive use of the records of the National Archives to obtain access to information about historical events. He intends to continue to use such resources in the future in furtherance of his research.

9. Plaintiff Gary Stern is a research associate at plaintiff Center who has written articles, reports, and comments on national security issues for a variety of publications. He has relied on the FOIA to obtain access to information about government activities, including activities of the National Security Council and the Executive Office of the President, and he intends to continue to utilize it in the future in furtherance of his research and writing.

10. Defendant Executive Office of the President is an agency of the United States which supervises and coordinates the activities of various component agencies that provide support to the President of the United States. These components include the Office of Administration, the National Security Council, the Office of the Vice President, the Office of Science and Technology, the Office of Management and Budget, the United States Trade Representative, and the Council of Environmental Quality.

11. Defendant Office of Administration is a component agency of the Executive Office of the President which, inter alia, promulgates guidelines and directives on the retention, management, and disposition of agency records by the Executive Office of the President. It has custody and control of the PROFS computer system of the Executive Office of the President. The Executive Office of

5

the President and the Office of Administration are collectively referred to hereinafter as "EOP."

12.   Defendant National Security Council ("NSC") is an agency of the United States which performs certain statutory duties under the National Security Act of 1947.  50 U.S.C. § 402.

13.   Defendant White House Communications Agency ("WHCA") is an agency of the United States which, _inter_ _alia_, provides certain computer services to the NSC, including making tape recordings of information that is stored in the PROFS system of the NSC.

14.   Defendant Don Wilson is the Archivist of the United States and is responsible for the adequacy of documentation of government activities, practices, and policies, and for the disposition and preservation of agency records, in accordance with the laws governing the National Archives and Records Administration ("National Archives" or "Archives").

### Facts Giving Rise To Plaintiffs' Claims For Relief

15.   EOP and NSC each use computer systems commonly known as the "Professional Office System," or "PROFS," to create, store, and retrieve information in the course of performing their governmental functions and activities.  The PROFS systems of EOP and NSC combine, in one central computer system, various routine office functions, including the generation of calendars of appointments and meetings, the creation and editing of memoranda, and "electronic mail" for intra- and inter-office communication among those who have access to the system.

16.   The PROFS systems of EOP and NSC contain "agency records" with substantive information on the organization, functions, policies, decisions, procedures, operations, and other activities of the agencies that use the system.   Some of this information does not exist anywhere in paper form, but is only recorded on the PROFS systems.

17.   Agency records in a PROFS system may lawfully be destroyed only if authorized by a records disposal list or schedule approved by the Archivist after notice to the public and opportunity for comment.   The Archivist may approve such lists or schedules only if he finds that the records identified in a list or schedule do not, or will not after the lapse of the period specified, have sufficient administrative, legal, research or other value to warrant their continued preservation by the government. 44 U.S.C. § 3303a.

18.   Plaintiffs and other members of the public may obtain access to the substantive information recorded in the PROFS system through the agencies that have custody of the computer records or from the National Archives.   While PROFS records are in the custody of the agencies, the information which constitutes "agency records" is subject to disclosure by the agency under FOIA unless it is covered by one of the FOIA's specific statutory exceptions. 5 U.S.C. § 552.   Once the PROFS records, including computer tapes, are no longer needed by defendants EOP and NSC, those agency records having permanent historical value are to be transferred to the Archives for preservation.   44 U.S.C. § 2107.

7

The Archivist must make such transferred records available to the public, unless they are exempt from examination by statute or other restriction.   44 U.S.C. §§ 2108, 2110.

19.   The EOP and NSC do not consider the bulk of the information recorded in their PROFS systems to be "agency records" subject to the FOIA or the "Federal Records Acts," i.e., the Federal Records Act of 1950, the 1943 Disposal of Records Act, the National Archives and Records Administration Act, and the amendments thereto.   Consequently, they have allowed most of that information to be destroyed, on a regular basis and in the normal course of business.

20.   EOP and NSC have issued guidelines, manuals, and instructions on records identification, management, and disposal. These guidelines, manuals, and instructions fail to provide adequate procedures or guidance to preserve agency records on the PROFS systems of EOP and NSC.

21.   The Archivist has a duty to notify the head of a Federal agency of any actual, impending, or threatened unlawful removal defacing, alteration, or destruction of records in the custody of the agency that come to his attention, and to assist the head of the agency in initiating action through the Attorney General to recover the records or for other redress.   If the agency head fails to initiate an action, the Archivist has a duty to request that the Attorney General initiate such action.   44 U.S.C. §§ 2905(a), 3106.

8

22.   In carrying out his duties, the Archivist has the authority to inspect the records or records management practices and programs of any Federal agency.   44 U.S.C. § 2906.   The Archivist has failed to conduct any investigation or review of the records identification, management and disposal programs and practices of NSC and EOP, despite the widely-publicized reports of the improper destruction of records relating to the Iran-Contra investigation by NSC and EOP personnel, and the Archives' knowledge that NSC and EOP routinely destroy agency records stored on the PROFS system.

23.   The Archivist has failed to notify agency heads that they should take steps to initiate action against the improper destruction of agency records in the EOP and NSC PROFS systems. The Archivist has also failed to request that the Attorney General initiate action to prevent the improper destruction of agency records in the EOP and NSC PROFS systems.

24.   On January 18, 1989, plaintiffs learned from the Archives that, with the departure of President Reagan, EOP and NSC intended to destroy the remaining information stored on their PROFS systems, beginning on January 19, 1989.

25.   On January 19, 1989, plaintiff Armstrong had hand-delivered to the Executive Office of the President, the National Security Council, and the National Archives, FOIA requests for access to:

> copies of all tapes, discs, and/or other storage formats
> for the PROFS System serving the Executive Office of the
> President and/or the National Security Council, and all
> information contained therein, as well as all records in

9

whatever format derived from the PROFS System, from the
date of the installation of said system to the end of the
Reagan Administration.

In the same letters, plaintiff Armstrong stated that he was
prepared to narrow the scope of his request after consultation with
the agencies.

26. As a result of the issuance of a temporary
restraining order in this case and a stipulation entered on January
31, 1989, defendants have preserved all of the computer tapes that
are subject to plaintiff Armstrong's FOIA request. These tapes
include (a) over 144 tapes from the NSC PROFS system created on
November 15, 22 and 29, 1986, in February, 1987 and in January,
1989; and (b) approximately 31 tapes from the EOP PROFS system
created during the period from December 31, 1988 to January 20,
1989 (the "preserved PROFS records").

27. By letter dated January 28, 1989, the National
Archives responded to plaintiff Armstrong's FOIA request by stating
that the records he requested "are not in the custody" of the
Archives.

28. The ten working days allowed for a response to a
FOIA request, 5 U.S.C. § 552(a)(6), and the additional ten working
days permitted as an extension of that period, expired without EOP
or NSC providing any substantive response to plaintiff Armstrong's
FOIA request. On February 17, 1989, subsequent to the filing of
the initial complaint in this action, defendant EOP denied
plaintiff Armstrong's request in its entirety. Defendant NSC has

not made any documents available in response to plaintiff Armstrong's request.

Count I
(Freedom of Information Act)

29. Substantial amounts of the information in the preserved PROFS records constitute "agency records" subject to the FOIA.

30. Defendants EOP, NSC, and WHCA have possession of all or some of the agency records requested by plaintiff Armstrong and they have not asserted any FOIA exemptions with respect to these records. At least some of the records are not exempt from disclosure under the FOIA.

31. Defendants EOP, NSC, and WHCA have improperly withheld from plaintiff Armstrong the non-exempt agency records in the preserved PROFS records, and he is entitled to immediate access to such records.

Count II
(Review of EOP and NSC Compliance with Federal Records Acts)

32. The guidelines and directives issued by EOP and NSC for identifying and preserving "agency records" violate the Federal Records Acts and are arbitrary and capricious in that they authorize the routine destruction of the bulk of the information recorded by the PROFS system which has resulted in, and will continue to result in, the improper destruction of agency records created on the PROFS systems.

33. Pursuant to the FOIA and the National Archives and Records Administration Act, plaintiffs have a right of access to

11

"agency records" that have been, or will in the future be, recorded on the PROFS systems. Plaintiffs intend to exercise these rights to seek access to such agency records directly from the agencies or, after transfer of the records, from the National Archives.

34. Plaintiffs and members of the public will be unable to exercise their right of access to agency records that have been, or will in the future be, recorded on the PROFS systems if EOP and NSC are not ordered to comply with the Federal Records Acts by implementing guidelines and directives to prevent the improper destruction of agency records created on the PROFS system.

<u>Count III</u>
(Review of Disposal Schedules)

35. The Archivist has promulgated general schedules, known as General Records Schedules 20 and 23, which authorize the disposal of certain electronic records after the lapse of specified periods of time. These schedules have been promulgated pursuant to the Archivist's duty to authorize disposal if such records, at the end of the periods specified, will not have sufficient administrative, legal, research or other value to warrant their preservation. 44 U.S.C. § 3303a.

36. Defendants have asserted that if the tapes of the PROFS system contain "agency records," General Records Schedules 20 and 23 authorize the EOP's and NSC's practice of routinely destroying tapes of the PROFS system.

37. The tapes of the PROFS system contain agency records with information of administrative, legal, research and historical value which warrant preservation of the tapes because this

12

information is recorded only on the PROFS system and will be permanently lost if the tapes are destroyed.

38.   General Records Schedules 20 and 23 are unlawful and arbitrary and capricious to the extent that they authorize, or are construed by defendants to authorize, the regular destruction of unique information on the PROFS system having administrative, legal, research or historical value which warrant preservation of the information.

39.   Plaintiffs intend to seek access to agency records that have been, or will in the future be, recorded on the PROFS system directly from the agencies or, after transfer of the records, from the National Archives, but will be unable to do so if defendants destroy such information in reliance upon General Schedule 20 or 23.

Count IV
(Failure of Archivist to Carry-out
Duties Under Federal Records Acts)

40.   Defendants EOP and NSC intend to continue to use the PROFS systems and to destroy the bulk of the information generated on them on a regular basis.  This regular destruction of PROFS system agency records by EOP and NSC is unlawful under the Federal Records Acts and is not properly authorized by any list or schedule for records disposal approved by the Archivist.

41.   Defendant Wilson has failed to investigate or examine the records programs and practices of EOP and NSC and has acquiesced in EOP's and NSC's intention to destroy the bulk of the records generated by the PROFS systems in the normal course of

13

business, and has taken no action in response to the improper
destruction of agency records on the PROFS systems.

42.  Defendant Wilson has violated his statutory duty to
notify agency heads to initiate action to stop the improper
destruction of EOP and NSC records on the PROFS systems, and has
violated his duty to request that the Attorney General initiate
action to prevent the improper destruction of PROFS system records.

43.  Plaintiffs intend to seek access to agency records
that have been, or will in the future be, recorded on the PROFS
systems directly from the agencies or, after transfer of the
records, from the National Archives, but will be unable to do so
if defendants EOP and NSC and individuals within EOP and NSC
continue to destroy such information.

44.  Unless defendant Wilson is ordered to carry out his
duties to notify the heads of EOP and NSC to initiate action to
stop the improper destruction of agency records and to request that
the Attorney General initiate action to prevent defendants EOP and
NSC, and individuals within EOP and NSC, from destroying the agency
records in the PROFS systems, plaintiffs and other members of the
public will be denied their rights of access to such records in the
future.

WHEREFORE, plaintiffs pray that this Court:

1.  Declare that the preserved PROFS records contain
"agency records" under the FOIA and Federal Records Acts;

2.  Declare that, in failing to treat information in the
PROFS system as "agency records," defendants EOP and NSC have

14

violated the Freedom of Information Act and the Federal Records Acts, and have abused their discretion and acted arbitrarily, capriciously and contrary to law;

3.   Declare that the guidelines, directives, and instructions of defendants EOP and NSC for identifying, maintaining, and preserving agency records on the PROFS systems are unlawful and arbitrary and capricious;

4.   Declare that defendants EOP, NSC and WHCA may not destroy, erase, recycle, or in any way alter information recorded in the PROFS system, unless and until they implement guidelines for the preservation of agency records that comply with the Federal Records Acts;

5.   Declare that General Records Schedules 20 and 23 do not authorize the routine destruction of agency records contained in the PROFS systems;

6.   Declare that in failing to notify agency heads or request enforcement action by the Attorney General to prevent the destruction of agency records by the EOP and NSC, defendant Wilson has violated the Federal Records Acts, has delayed unreasonably, abused his discretion, and has acted arbitrarily, capriciously, and contrary to law;

7.   Order defendants EOP, NSC, and WHCA to make the nonexempt agency records requested by plaintiff Armstrong pursuant to FOIA available for inspection and copying;

8.   Order defendants EOP, NSC, and WHCA not to destroy, erase, recycle, or in any way alter the preserved PROFS records

15

unless and until defendants EOP and NSC implement guidelines for the preservation of agency records that comply with the Federal Records Acts and the regulations promulgated pursuant thereto;

9.   Order defendants EOP and NSC to implement proper guidelines and procedures to assure the preservation of agency records on the PROFS systems;

10.   Order defendant Wilson to investigate the records programs and practices of EOP and NSC, notify the agency heads to initiate action to stop the improper destruction of records, and request that the Attorney General initiate enforcement action against the unlawful destruction or removal of PROFS records by personnel of the EOP and NSC;

11.   Award plaintiffs their costs and reasonable attorneys' fees in this action; and

16

12.   Grant such other and further relief as the Court may deem just and proper.

Michael Tankersley
D.C. Bar No. 411978

Patti A. Goldman
D.C. Bar No. 398565

Alan B. Morrison
D.C. Bar No. 073114

Public Citizen Litigation Group
Suite 700
2000 P Street, N.W.
Washington, D.C. 20036
(202) 833-3000

Kate Martin / by MET
Kate Martin
D.C. Bar No. 949115

Of Counsel:

| | |
|---|---|
| Sheryl Walter | American   Civil   Liberties   Union |
| National Security Archive | Foundation |
| 1755 Massachusetts Ave., N.W. | 122 Maryland Avenue, N.E. |
| Washington, D.C. 20036 | Washington, D.C. 20002 |
| (202 797-0882 | (202) 675-2327 |

April 19, 1991                Attorneys for Plaintiffs